E-FILED
Monday, 24 August, 2009  11:27:44 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

ZOTAHN SEAH,                        )
                  Plaintiff,       )
  v.                                 )
                                )
STAR TEK and                        )       Case No. 09-2034
LARRY JONES,                        )
                 Defendants.   )

# REPORT AND RECOMMENDATION

On July 7, 2009, pro se Plaintiff Zotahn H. Seah appeared before the Court for a scheduled settlement conference. Defendant appeared by counsel, Attorney Jennifer L. Colvin. Attorney Colvin was accompanied by Janice Baughman, Human Resources Manager for Defendant. According to the docket entry for that day, the settlement conference was held and the parties reached an agreement. Thereafter, the Court entered an Order Following Report of Settlement (#43). Plaintiff subsequently disavowed the settlement which lead Defendant to file a Motion to Enforce Settlement Agreement (#44). That motion is supported by a memorandum. Plaintiff has filed written opposition.

The undersigned conducted the settlement conference and has personal knowledge of matters occurring in his presence during the settlement conference. The factual representations contained in Paragraph I, B of Defendant's memorandum are correct. The parties did reach an agreement as set forth in that memorandum. The terms were repeated in the presence of Plaintiff, defense counsel, and corporate representative. At the request of Defendant and over the objection of Plaintiff, the terms were not put on the record because of the confidentiality provision. Under established 7th Circuit case law, once the terms are stated on the record, the Court cannot guarantee that outside parties will be kept from accessing those terms.

In his response (#46), Plaintiff makes the claim that the undersigned informed the parties, "that what was said at the settlementment [sic] conference was not, and is not a binding agreement that is final, and therefore can be enforced." That is simply not an accurate statement.

In addition, Mr. Seah makes the claim that he "overheard them (referring to defense representatives) tell the judge 'no compassion' 'in regards to me'." The undersigned never heard such a statement made.

Apart from the misrepresentations of fact referenced above, Plaintiff's main point seems to be that because the agreement was not put on the record, it is not binding. He offers no authority for that proposition. Of course, the Court rejects it.

The Court took extra care with Plaintiff because of his pro se status. At the time the terms were summarized, Plaintiff raised the question regarding enforceability. The undersigned gave assurance that if the Defendant tried to dishonor the obligation they had just undertaken, the Court would enforce the agreement against them. The undersigned also stated that the converse would be true.

There is no doubt that the parties reached an agreement as set forth in Defendant's written submission. Plaintiff's objection are without merit.

Accordingly, pursuant to my authority under 28 U.S.C. § 636(b)(1)(B), I recommend that the Motion to Enforce Settlement Agreement **(#44)** be **GRANTED** and the settlement agreement reached by the parties at the settlement conference conducted on July 7, 2009, be enforced against Plaintiff.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 24th day of August, 2009.

    s/ DAVID G. BERNTHAL
    U.S. MAGISTRATE JUDGE